UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. CARSTARPHEN, | : | Case No. 2:25-cv-946 |
| Petitioner, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, LORAIN CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION[1]

Petitioner has filed a petition for a writ of habeas corpus in this Court. (*See* Doc. 1). On August 25, 2025, the Court issued a Deficiency Order requiring Petitioner to either pay the $5.00 filing fee or file a complete motion for leave to proceed without prepayment of fees within thirty (30) days. (Doc. 2). Petitioner was advised that "his failure to comply with this Order shall result in the dismissal of this action for want of prosecution." (*Id.* at 94). On October 3, 2025, after Petitioner failed to respond to the Deficiency Order, the Court issued an Order requiring Petitioner to show cause, in writing within twenty-one (21) days, why this case should not be dismissed for want of prosecution. (Doc. 3). Petitioner was again advised that "his failure to comply with this Order shall result in the dismissal of this action for want of prosecution." (*Id.* at 95).

To date, more than twenty-one days after October 3, 2025 Order, Petitioner has failed to comply with the Order of the Court.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for Petitioner's failure to comply with the Court's August 25, 2025 and October 3, 2025 Orders. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.


November 5, 2025                                            *s/Peter B. Silvain, Jr.*
                                                            Peter B. Silvain, Jr.
                                                            United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).